IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>XAVIER RASHAAD BLANTON,<br><br>                    Defendant. | 4:24CR3085<br><br><br>ORDER |

    A telephone status conference was held today. Defendant had moved to continue the change of plea hearing (Filing No. 91), because Defendant needs additional time to consider and decide whether to enter a guilty plea or go to trial. The motion to continue is unopposed. During the status call, Defendant requested the change of plea hearing be pulled off the calendar at this time and today's status call be continued for approximately thirty days while Defendant makes this decision. Based on the showing set forth in the motion, the court deems Defendant's motion to continue the plea hearing moot and finds good cause to grant Defendant's motion to continue the status call by thirty days.  Accordingly,

    IT IS ORDERED:

1)     Defendant's motion to continue, (Filing No. 91), is deemed moot. Defendant's oral request to continue the status call is granted.

2)     A telephonic conference with counsel will be held before the undersigned magistrate judge at 2:00 p.m. on December 3, 2025 to discuss setting any change of plea hearing or the date of the jury trial. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

3)     In accordance with 18 U.S.C. § 3161(h)(7)(A), and with the consent of Defendant, the court finds that the ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendants in a speedy trial. Any additional time arising as a result of the granting of this motion, this is, the time between today's date and December 3, 2025 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act. Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) & (B)(iv). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

    Dated this 29th day of October, 2024.

                                                    BY THE COURT:

                                                  s/Jacqueline M. DeLuca
                                                  United States Magistrate Judge